```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


DONALD BARNES                                CIVIL ACTION

VERSUS                                       NO. 06-2827

BURL CAIN, WARDEN                            SECTION "N"(5)
```

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.

For the following reasons, the court finds that the instant application for habeas corpus relief filed on behalf of petitioner, Donald Barnes, should be **DISMISSED** as untimely.

**PROCEDURAL HISTORY**

On May 17, 2000, petitioner, Donald Barnes, presently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was found guilty, following trial by jury, of forcible rape, aggravated rape, and two counts of aggravated crime against nature.  On August 21, 2000, petitioner was sentenced as follows: Life imprisonment in connection with his aggravate rape conviction and 40-years imprisonment in connection with his forcible rape conviction, with these sentences running concurrently; and, 15-years imprisonment in connection with each of his aggravated crime against nature convictions, with each of these sentences running consecutively.

On November 7, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences.  State v. Barnes, 800 So.2d 1124 (La. App. 4 Cir. 2001).  On January 31, 2003, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his convictions and sentences final. State v. Barnes, 836 So.2d 56 (La. 2003).

On May 27, 2004, petitioner commenced post-conviction proceedings in the state court system, filing an application for post-conviction relief with the Orleans Parish Criminal District

Court.[1]  Petitioner's effort in this regard culminated on March 17, 2006, when the Louisiana Supreme Court denied his writ application. State ex rel. Barnes v. State, 925 So.2d 535 (La. 2006).

On April 17, 2006, petitioner filed the instant action for federal habeas corpus relief. In its response (rec. doc. 6), the State argues that petitioner's habeas application should be dismissed as time-barred.  For the following reasons, this court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his

---

[1] This May 27, 2004 filing date constitutes the date petitioner signed his post-conviction application.  See Causey v. Cain, 450 F.3d 601, 604-607 (5th Cir. 2006), in conjunction with Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995) and Colarte v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La. 1999) ("mailbox" rule to be employed when ascertaining, in connection with determining timeliness of federal habeas application, when pro se prisoner filed Louisiana state pleading; generally, date prisoner signed his pleading is presumed to be applicable filing date under "mailbox" rule).  In its Response (rec. doc. 6, p. 1), the State asserts that petitioner filed his application for post-conviction relief with the Orleans Parish Criminal District Court on June 11, 2004.  While June 11, 2004 represents the date that petitioner signed the copy of his "Uniform Application for Post-Conviction Relief" which is contained in vol. 1 of the State court record, copies of the same "Uniform Application for Post-Conviction Relief" contained in vols. 7 and 8 of the State court record reflect that petitioner signed the pleading on May 27, 2004.  As shown infra, regardless of which filing date, May 27, 2004 or June 11, 2004, is employed, the instant federal habeas corpus petition is time-barred.

habeas corpus claims pursuant to 28 U.S.C. §2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[2]  See 28 U.S.C. §2244(d)(1) (West 2007).  While petitioner's conviction became final on January 31, 2003, his time for seeking review did not expire until 90 days later, on April 30, 2003, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired.  See Sup.Ct.R. 13(1); see also Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); Habteselassie v. Novak, 209 F.3d 1208, 1209 (10th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Thus, petitioner had a year from April 30, 2003, until April 30, 2004, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until almost two years later, on April 17, 2006.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction

---

[2]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, petitioner did not properly file an application seeking post-conviction relief with the Orleans Parish Criminal District Court until May 27, 2004, almost a month after his April 30, 2004 deadline had passed.[3]  Thus, the instant action is time-

---

[3] On April 29, 2003, petitioner filed with the Louisiana Fourth Circuit Court of Appeal a pleading entitled, "Application for Writ of Enforcement and Mandamus" (copy contained in State rec., vol. 6 of 8), pursuant to which he sought to have the Louisiana Fourth Circuit order the Orleans Parish Criminal District Court to rule upon an "Application for Writ of Habeas Corpus" which he originally filed with the 20th Judicial District Court for the Parish of West Feliciana and which was later purportedly transferred to Orleans Parish Criminal District Court.  The Louisiana Fourth Circuit denied petitioner's "Application for Writ of Enforcement and Mandamus", stating:

> Relator's application for writ of habeas corpus was not found in the records for either civil district or criminal district court.  He did not attach a copy of the application to the instant writ application.  Therefore, there is nothing for this court to review.  Relator should refile his application in criminal district court.

State v. Barnes, No. 2003-K-0917 (La. App. 4 Cir. June 30, 2003) (unpublished opinion) (copy contained in State court record, vol. 6 of 8).
Based upon the Louisiana Fourth Circuit's determination that petitioner's earlier, i.e., prior to May 27, 2004, habeas application was never filed with the Orleans Parish Criminal District Court, along with this court's review of the State court record which has uncovered no such filing, clearly petitioner is not entitled, under the provisions of 28 U.S.C. §2254(d)(2), to any tolling of prescription as a result of this "phantom" pleading. Further, petitioner's April 29, 2003 "Application for Writ of

barred absent a basis for equitable tolling.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Since Davis, the Fifth Circuit has made it clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations. See Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"

---

Enforcement and Mandamus", along with his corresponding writ application to the Louisiana Supreme Court which the state high court, finding it to be "[p]remature", denied on November 19, 2004, see State ex rel. Barnes v. State, 888 So.2d 184 (La. 2004), does not toll prescription. A writ of mandamus, like a motion for a transcript, is considered preliminary in nature, in contrast with a habeas or post-conviction application which directly challenges the constitutionality of one's conviction and/or sentence. See Boyd v. Ward, 2001 WL 533221, *4 (E.D. La. 2001) ("Although Boyd had, in the interim, litigated his entitlement to a free copy of his guilty plea and sentencing transcript through the state court system, the Court does not believe that those proceedings qualify as '...application[s] for State post-conviction or other collateral review...' so as to toll the limitation period under § 2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of Boyd's conviction or sentences."). See also Brisbon v. Cain, No. 99- 3078, 2000 WL 45872, *2 (E.D. La. Jan. 18, 2000).

Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996).

In his "Response to the Respondent's Answer to Writ of Habeas Corpus" (rec. doc. 7), petitioner argues that the state criminal district court judge granted him a new trial and the effect of the court's ruling in this regard was to halt his "direct appeal time limitations". According to petitioner, by virtue of the state criminal district court's August 1, 2000 order granting his motion for a new trial,[4] his limitation period "did not commence to run until after the trial judge rescinded the August 1, 2000 decision on November 15, 2004." Petitioner asserts "that it was and still is his honest belief that his federal time limitation under the AEDPA did not commence to run until after the Motion For New Trial was disposed of and then after the review of any adverse decision concerning the rescinding or denial of the Motion For New Trial that occurred on November 15, 2004."[5]

---

[4] A copy of the August 1, 2000 order to which petitioner refers is attached to his response (rec. doc. 7) as Exhibit A. A copy of the order is also contained in the State rec., vols. 1, 2, 6 and 7 of 8.

[5] See Federal rec., doc. 7, petitioner's Response at pp. 2, 3 and 6.

A review of the State court record reflects that petitioner was informed, during a November 15, 2004 evidentiary hearing, that he had not been granted a new trial.  Orleans Parish Criminal District Court Judge Calvin Johnson, who presided over petitioner's trial, specifically stated:

BY THE COURT:

>   I did not grant Mr. Barnes a new trial, did not.  I, inadvertently, signed a document and forgot to put on it denied.[6]

However, the November 15, 2004 evidentiary hearing was not petitioner's first notification that his motion for a new trial had, in fact, been denied.  Instead, both court minutes and a transcript of court proceedings reflect that petitioner was informed, at the time of his sentencing on August 21, 2000, that his motion for a new trial had been denied.  The court minutes specifically reflect: "THE DEFENSE FILED A MOTION FOR NEW TRIAL. THE COURT DENIED THE MOTION."[7]  The transcript reflects that petitioner advised the court that the assistant district attorney "was seen talking to the jury."  In response, the court stated:

>   And she [the assistant district attorney] did. That's noted in the motion for a new trial, **which is what**

---

[6]See State rec., vol. 7 of 8, November 15, 2004 evidentiary hearing transcript at p. 12, lines 8-10.

[7]A copy of the court minutes are contained in the State rec., vol. 1 of 8.

8

**I denied.**  [Emphasis added.][8]

Additionally, defense counsel, Saundra Alessi, testified that petitioner, prior to November 15, 2004, was informed more than once that his motion for a new trial had been denied.  A review of the November 15, 2004 evidentiary hearing transcript reflects the following colloquy:

BY THE COURT:

   Do you recall anything that happened subsequent to Mr. Barnes being found guilty in this case?

BY THE WITNESS [Ms. Alessi]:

   What I recall is that Mr. Barnes was brought back here on a number of occasions.  Um, I don't recall what was on the record or not.  But I know he did-if I'm not mistaken, he did come to court several times.  And there was a-I think the appeal had already been taken.  **And you had denied the motion for new trial.  I remember that.  And I remember you telling him you denied it on more than one occasion.  Um, you denied it-you told him you denied it that day.  And you told him you denied it at least one other time, that I remember**....  [Emphasis added.][9]

Petitioner's claim that it was his "honest belief", up until the November 15, 2004 evidentiary hearing, that the trial court had granted him a new trial, is belied by his action, or lack thereof, on August 21, 2000.  On that date, as evidenced by the pertinent

---

[8]See State rec., vol. 1 of 8, August 21, 2000 sentencing transcript at p. 3, lines 1-6.

[9]See State rec., vol. 7 of 8, November 15, 2004 evidentiary hearing transcript at p. 6, lines 17-30.

court minutes and transcript, petitioner made no protest when the trial judge proceeded to sentence him and appoint the Louisiana Appellate Project to represent him on appeal.  Thereafter, in accordance with the trial court's appointment, the Louisiana Appellate Project, with no apparent protest from petitioner that he had been granted a new trial, filed an appellate brief on petitioner's behalf.[10]  Further, on May 27, 2004, over five months prior to the November 15, 2004 evidentiary hearing, petitioner, despite his alleged good-faith belief that he had been granted a new trial in connection with his May, 2000 conviction, filed an application for post-conviction relief attacking his May, 2000 conviction.  In denying petitioner post-conviction relief, the Louisiana Fourth Circuit Court of Appeal specifically relied upon the district judge's November 15, 2004 evidentiary hearing testimony, along with the testimony of petitioner's defense counsel, to support its finding that petitioner had never been granted a new trial.  In its decision, State v. Barnes, No. 2005-K-0544 (La. App. 4 Cir. April 27, 2005) (unpublished opinion),[11] the state appellate court specifically quoted Judge Johnson's testimony

---

[10] A copy of the pertinent brief, filed with the Louisiana Fourth Circuit Court of Appeal on March 26, 2001, is contained in the State rec., vol. 4 of 8.

[11] A copy of Louisiana Fourth Circuit's unpublished decision is contained in the State rec., vol. 7 of 8.

that "he 'inadvertently signed a document and forgot to put on it denied'", and noted that petitioner's trial attorney "testified and remembered the motion as being denied."

Based upon the above, the court finds that petitioner is not entitled to an equitable tolling of the AEDPA's statute of limitations.  Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Donald Barnes, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __3rd__ day of ____October____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

11